Submitted on record and briefs July 6, conviction for first-degree manslaughter reversed and remanded; sentences on remaining convictions vacated and remanded for resentencing; otherwise affirmed September 12, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GARY DENNIS LANG,
*Defendant-Appellant.*

Linn County Circuit Court
05020367; A131189

168 P3d 310

Rankin Johnson IV filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Klapstein, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant was charged with, among other things, one count of murder, ORS 163.115, and three counts of felon in possession of a firearm, ORS 166.270. He pleaded guilty to two counts of felon in possession, and the case went to trial on the remaining two counts. Defendant asserted a defense of self-defense to the murder charge. A jury convicted him on a lesser-included offense of first-degree manslaughter, ORS 163.118, and on the felon in possession charge. On appeal, he contends that the jury instruction on his defense of self-defense was erroneous. The state concedes the error. For the following reasons, we agree that the jury instruction was erroneous and, as a result, reverse and remand the manslaughter conviction, vacate the sentences on the remaining convictions and remand for resentencing, and otherwise affirm.

The charges arose out of an incident in which defendant returned to the residence that he shared with a woman and her three children, finding at the residence two armed intruders who had previously assaulted the woman. Defendant shot and killed one of the intruders. He contended at trial that he killed the victim in order to defend himself and the others with whom he lived.

At trial, the state requested the following instruction on defendant's asserted defense to the murder charge:

"The danger justifying self-defense must be absolute, imminent, and unavoidable. The necessity of taking human life must be actual, present, urgent, and that the killing is absolutely or apparently absolutely necessary. There must be no reasonable opportunity to escape and to avoid [the affray] or no other means of avoiding or declining to combat."

Defendant argued that the instruction should not be given because "there is no Oregon duty of retreat" when a person finds armed individuals in his own home. The trial court delivered the instruction that the state requested. The instruction was based on *State v. Charles*, 293 Or 273, 647 P2d 897 (1982), in which the Supreme Court held that Oregon recognizes a "duty to retreat" as a predicate to the use of deadly force in self-defense. The trial court, in other words,

properly instructed the jury in accordance with the law that applied at the time of trial.

Following the trial, however, the Supreme Court decided *State v. Sandoval*, 342 Or 506, 156 P3d 60 (2007). In that case, the court concluded that a nearly identical instruction to the one given in this case was erroneous. The court acknowledged that the instruction had been drawn from its own opinion in *Charles*, but it concluded that *Charles* itself had been incorrectly decided in that regard. The court concluded that it was clear from the relevant statutes—which, it noted, *Charles* had neglected to consider—that "[t]he legislature did not intend to require a person to retreat before using deadly force to defend against the imminent use of deadly force by another." *Sandoval*, 342 Or at 512-14. The court further concluded that the delivery of the instruction was not harmless error because the jury likely would have concluded that the instruction required it to find retreat from the conflict as a prerequisite to a lawful claim of self-defense. *Id.* at 514.

■    In this case, as the state concedes, *Sandoval* is controlling. In light of *Sandoval*, the instruction that the trial court delivered does not state correctly current Oregon law. Moreover, defendant expressly asserted that he was not required to retreat in order to employ deadly force in defense of himself and the others in his home. As in *Sandoval*, we cannot say in this case that the delivery of the erroneous instruction was harmless. That does not necessarily mean that defendant's conduct was justified. The state, for example, contests defendant's version of the events—in particular, his description of the nature of the threat that the intruders posed to him and the other occupants of the residence. The jury will be required to resolve those factual issues in a new trial.

Conviction for first-degree manslaughter reversed and remanded; sentences on remaining convictions vacated and remanded for resentencing; otherwise affirmed.